IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JIMMY EARL DAVIS,**

    **Plaintiff,**

vs.                                                                                               CASE NO. 4:06CV186-MP/AK

**CANDY HIGHTOWER, et al,**

    **Defendants.**

_____/

**O R D E R**

    Presently before the Court is Plaintiff's Request/Motion for Discovery, with attached proposed discovery, and Plaintiff's Motion to Amend Complaint to name the John Doe Defendants. (Docs. 87 and 88). Having considered said motions, the Court is of the opinion that they should be **GRANTED**.

    However, Plaintiff proposes to serve discovery on newly identified defendants Harvey, Markham and McCrainie, who have not yet been served with the complaint. It appears that the better course of action would be to serve these defendants and await their responses before serving discovery upon them. With regard to Defendant Hightower, who has already been served, the discovery requests will be deemed served on this date.

    Accordingly, it is

    **ORDERED:**

1.  Plaintiff's Motion to Amend the second amended complaint to name the John Doe defendants (doc. 88) is **GRANTED**, and the docket shall reflect that there are now three additional defendants: Richard M. Harvey, William T. Markham, and Glen Marion McCrainie, all employed at Taylor Correctional Institution.

2.  The Clerk shall issue summons for Defendants, indicating they have 60 days in which to file a responsive pleading (which in this case will be a written report as detailed *infra*), and refer the summons to the United States Marshal along with the service copies of the complaint, which Plaintiff provided previously. (See Doc. 60).

3.  The Clerk shall also prepare and send the Marshal a copy of this order for each of the Defendants.

4.  Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Charles Bryan** is specially appointed to serve process upon the Defendants at **Taylor Correctional Institution, 8501 Hampton Springs Road, Perry, FL 32348.**

5.  Within 30 days from the date of entry of this order on the docket, the United States Marshal or a Deputy United States Marshal shall serve a copy of the **civil rights complaint, summons, and this order** upon Defendants. Service shall be accomplished by mailing these documents by regular mail to the above named special process server, **Charles Bryan, who shall serve the complaint.** All costs of service shall be advanced by the United States.

6.  Within 10 days after receipt of the complaint and this order, **Charles Bryan** shall **serve the complaint upon the individuals named above, complete** and **sign**

**No. 4:06cv186-mp/ak**

the return of service, and **return** it to the <u>Clerk of Court</u> as proof of service.  *Defendants shall also sign the return of service as an acknowledgment of receipt of service.*

      7.  If any Defendant is no longer employed at the designated institution or facility, or is otherwise unable to be served, the server shall report this information to the Clerk of the Court within 10 days after receipt of the complaint and this order.  *If service is returned unexecuted, the Clerk of Court shall immediately refer the file to chambers.*

      8.  Defendants shall review the complaint to:

        a.  Ascertain the facts and circumstances surrounding the complaint;

        b.  Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

        c.  Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

      9.  Within 60 days of receipt of the summons, Defendants shall respond to the complaint either by filing a motion to dismiss because Plaintiff has not exhausted administrative remedies pursuant to 42 U.S.C. § 1997e or by filing a special report with the Court, and a copy thereof to Plaintiff, containing the following:

        a.  Sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including the Plaintiff.)

        b.  Copies of any written reports prepared as a result of investigation of the inmate's allegations.

        c.  All defenses, including immunity defenses.  If not listed, such defenses may be considered waived.

        d.  Where relevant, copies of medical or psychological or disciplinary records.

**Case No. 4:06CV186-MP/AK**

  e. Where applicable, copies of relevant administrative rules, regulations, or guidelines.

Defendants are advised that, at some time in the future upon notice of the Court, the special report may be deemed a motion for summary judgment.  **Therefore, in addition to the above, the special report shall be in compliance with Local Rule 56.1, and shall include all Fed. R. Civ. P. 56 materials Defendants wish the Court to consider.**[1]

  10. No answer, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the Court.  If any such pleading or motion is sent to the Court, the Clerk shall not file or otherwise treat the pleading as a motion unless or until the Court so orders.

  11. Plaintiff shall not file a reply to Defendants' special report until ordered to do so by the Court.  However, Plaintiff shall file a response to a motion to dismiss, if filed by Defendants, within 20 days of the date of service of such a motion.

  12. Once a special report is filed, no further amendments to the complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.  N.D. Fla. Loc. R. 15.1.

  13. In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it.  If Plaintiff wishes to consent, the form should be signed and forwarded to counsel for

---

[1] The special report must contain a short and concise statement of the material facts and shall not merely re-assert Plaintiff's allegations.

**Case No. 4:06CV186-MP/AK**

Case 4:06-cv-00186-MP-AK   Document 89   Filed 02/05/08   Page 5 of 5

Page 5 of 5

Defendants.  If Defendants wish to consent, the form should be signed and returned to the Clerk.

14.  Plaintiff shall be required to mail to the attorney for each Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  Plaintiff shall include with each pleading, motion, or other paper to be filed with the Clerk of the Court a certificate stating the date an identical copy of the paper was mailed to each Defendant or to the attorney representing each Defendant.  Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

15.  Plaintiff's Motion for Discovery (doc. 87) is **GRANTED**, insofar as the requests upon Defendant Hightower shall be deemed served on this date.  Plaintiff will be directed by Order of the Court upon the filing of Defendants' response as to the procedure and time frame for serving discovery upon them and he should await these instructions.

DONE AND ORDERED this  5th  day of February, 2008.


s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


**Case No. 4:06CV186-MP/AK**